UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELVIN CURTIS,

                    Petitioner,

          - v -

TERRY BILLINGSLEY,

                    Respondent.

**ORDER**

16 Civ. 2558 (PGG) (JLC)

PAUL G. GARDEPHE, U.S.D.J.:

          Pro se Petitioner Melvin Curtis has filed a petition for writ of habeas corpus,

pursuant to 28 U.S.C. § 2241.  (Pet. (Dkt. No. 1))  Magistrate Judge James L. Cott submitted a

Report and Recommendation ("R&R") recommending that this Court deny the petition.  (R&R

(Dkt. No. 21) at 17)[1]  For the reasons stated below, this Court will adopt the R&R in its entirety

and deny the petition.

**BACKGROUND**

**I.      THE HABEAS PETITION**

          Petitioner pled guilty on February 9, 2007, in the United States District Court for

the Eastern District of New York to conspiracy to distribute and to possess with intent to

distribute cocaine base, in violation of 21 U.S.C. §§ 841, 846.  (Mar. 31, 2016 Order (Dkt. No. 9)

("E.D.N.Y. Order") at 2)  Curtis was sentenced by Judge Irizarry to 235 months' imprisonment,

followed by three years' supervised release.  Judge Irizarry recommended that Petitioner's

federal sentence run concurrently with a state court sentence that he was then serving.  (Id. at 2)

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers
designated by this District's Electronic Case Files ("ECF") system.

Curtis's petition raises two claims: (1) his guilty plea was not knowing and voluntary, because he received ineffective assistance of counsel; and (2) he was improperly denied credit against his federal sentence for time spent in federal detention after he was transferred from New York state custody to federal custody. (Pet. (Dkt. No. 1) at 3-6; E.D.N.Y. Order (Dkt. No. 9) at 1)

Curtis was transferred from New York state custody and brought into federal custody on August 9, 2006 – pursuant to a writ of habeas corpus ad prosequendum – to face charges in United States v. Melvin Curtis, No. 06 Cr. 413 (DLI) (E.D.N.Y.). (R&R (Dkt. No. 21) at 5)

Curtis was then serving time in New York state custody for a parole violation. (E.D.N.Y. Order (Dkt. No. 9) at 2) Curtis had entered a residential drug treatment program on April 25, 2006, which he was scheduled to complete on August 1, 2006. (Resp. Opp. (Dkt. No. 8), Ex. G at 9) However, pursuant to the federal writ – which was issued on July 20, 2006 – Curtis left the residential drug treatment program on July 25, 2006, and entered federal custody on August 9, 2006. (United States v. Melvin Curtis, No. 06 Cr. 413 (DLI) (E.D.N.Y.) (Dkt. No. 58))

Curtis pled guilty to a federal drug conspiracy charge on February 9, 2007, and on April 23, 2008, he was sentenced on his federal case. (E.D.N.Y. Order (Dkt. No. 9) at 2) Curtis was returned to state custody on May 15, 2008, where he was sentenced to an additional two months' imprisonment for a parole violation based on the conduct underlying his federal conviction. (Id. at 3)

On August 15, 2008, Curtis was released to parole on his state case and transferred to federal custody to begin serving his federal sentence. (Id.) The Bureau of Prisons

credited Curtis for the time he served in state custody after he received his April 23, 2008 federal sentence, but did not give him credit towards his federal sentence for the period between August 9, 2006 and April 22, 2008, when he was in federal custody pursuant to the federal writ, since he had already received credit for this time against his state sentence. (R&R (Dkt. No. 21) at 7; see also Pet. (Dkt. No. 1) at 16)

## II.     PROCEDURAL HISTORY

The Petition was filed on September 28, 2012. (Pet. (Dkt. No. 1)) On March 31, 2016, Judge Irizarry dismissed Curtis's challenge to the voluntariness of his 2007 guilty plea, finding that it was improperly brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255, and was untimely. (E.D.N.Y. Order (Dkt. No. 9) at 5-6)

As to Curtis's complaint regarding the calculation of his sentence, Judge Irizarry noted that a "'petition for a writ of habeas corpus under 28 U.S.C. § 2241 should be addressed to the district court in the district where the petitioner is confined and his custodian is located.'" (Id. at 6 (quoting United States v. Maldonado, 138 F. Supp. 2d 328, 332 (E.D.N.Y. 2001))) Curtis was then in custody at the Federal Correctional Institution in Otisville, New York. (Id. at 6-7; Pet. (Dkt. No. 1) at 1-2) Because Otisville is in the Southern District of New York, Judge Irizarry concluded that she lacked jurisdiction over what remained of the petition, and transferred the case to this District. (E.D.N.Y. Order (Dkt. No. 9) at 6-7).

Curtis subsequently notified this Court that he had been transferred to the Federal Correctional Institution in Glenville, West Virginia. (Apr. 26, 2016 Notice (Dkt. No. 14))

On November 4, 2016, this Court referred this habeas action to Judge Cott for an R&R. Judge Cott issued his R&R on March 24, 2017, recommending that the Petition be denied. Curtis filed objections to the R&R on May 31, 2017. (R&R (Dkt. No. 21); Pet. Obj. (Dkt. No. 24))

On November 22, 2017, Judge Irizarry reduced Petitioner's sentence from 235 months' imprisonment to 140 months' imprisonment upon his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Nov. 22, 2017 Order, <u>United States v. Melvin Curtis</u>, No. 06 Cr. 413 (E.D.N.Y.) (Dkt. No. 917)) Curtis was released from federal custody on October 26, 2018. However, he is still serving his three-year term of supervised release. Accordingly, his petition is not moot. <u>See</u> <u>Lopez v. Terrell</u>, 654 F.3d 176, 180 n.2 (2d Cir. 2011) ("[Petitioner] is still 'in custody' for purposes of 28 U.S.C. § 2241 because he remains subject to the conditions of his supervised release. . . .").

### III.   <u>JUDGE COTT'S R&R</u>

Judge Cott issued a thorough and well-reasoned 18-page R&R. (R&R (Dkt. No. 21)) As an initial matter, Judge Cott found that this Court has jurisdiction, despite Petitioner's transfer to West Virginia, "[b]ecause this case should have been commenced here in the first instance and has since been transferred here . . . ." (<u>Id.</u> at 8) Next, Judge Cott found that Petitioner's federal sentence did not commence until his April 23, 2008 federal sentencing, because "'under 18 U.S.C. § 3585(a), a federal sentence cannot commence prior to the date on which it is imposed.'" (<u>Id.</u> at 12 (quoting <u>Lopez v. Terrell</u>, 654 F.3d 176, 185 (2d Cir. 2011))) Finally, Judge Cott found that Petitioner was not eligible to receive credit for the time he spent in federal custody prior to his April 23, 2008 federal sentencing, because he "has not established that 'absent the federal action,' he 'would have been released under available state procedures.'" (<u>Id.</u> at 17 (quoting <u>Rosemond v. Menifee</u>, 137 F. Supp. 2d 270, 275 (S.D.N.Y. 2000)))

### IV.   <u>PETITIONER'S OBJECTIONS</u>

Curtis first contends that the Bureau of Prisons "can designate, retroactively the state facility where a prisoner served a state sentence following a federal sentence as the place of his federal imprisonment. . . . Here, the Petitioner is eligible for a retroactive designation of the

state facility as the place of his federal incarceration, especially since he was actually at a BOP [f]acility." (Pet. Obj. (Dkt. No. 24) at 1-2)  This objection is unintelligible.  To the extent that Curtis is seeking credit for the three months he served on the parole violation when he was returned to state custody, BOP credited him for that time.  (Pet. (Dkt. No. 1) at 16)  To the extent that Curtis is contending that he should have received credit against his federal sentence for the two years he was in federal custody on a writ, that argument is addressed below.

As to Curtis's argument that he should receive credit against his federal sentence for the time he spent in federal custody on the federal writ prior to his federal sentencing, his theory is as follows:  "he was satisfactorily progressing toward his projected graduation date of August 1, 2006 from the State's residential drug treatment facility," and but for the federal writ and his transfer into federal custody in 2006, his "release [from state custody, after serving the additional three months for his parole violation] was assured."  (Pet. Obj. (Dkt. No. 24) at 2-3)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.  However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'"  Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting Vega v. Artuz, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (alteration in Phillips).  "To the extent . . . that the party . . . simply

5

reiterates the original arguments, [courts] will review the Report strictly for clear error."

Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 07 Civ. 6865 (LTS), 2008 WL 4810043,

at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343(WK), 2003

WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees

Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.1992)); see also Ortiz v. Barkley, 558 F. Supp. 2d

444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for

clear error where objections are 'merely perfunctory responses,' . . . 'rehashing . . . the same

arguments set forth in the original petition.'") (citing Vega, 2002 WL 31174466, at *1; Greene v.

WCI Holdings, 956 F.Supp. 509, 513 (S.D.N.Y. 1997)).

        For portions of the R&R to which no timely objection is made, this Court's

review is limited to a consideration of whether there is any "'clear error on the face of the

record'" that precludes acceptance of the recommendations.  Wingate v. Bloomberg, 2011 WL

5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note;

citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and

recommendation of a magistrate, to which no timely objection has been made, a district court

need only satisfy itself that there is no clear error on the face of the record.")).

## II.    ANALYSIS

### A.    When Petitioner's Federal Sentence Commenced

        In his R&R, Judge Cott notes that "'[w]here a defendant faces both federal and

state convictions, the federal district court has the authority to order that its sentence be served

concurrent with, or consecutive to, the defendant's state sentence.'"  (R&R (Dkt. No. 21) at 10

(citing Cruz v. Bureau of Prisons, No. 10 Civ. 5460, 2013 WL 12177171, at *4 (S.D.N.Y. Mar.

22, 2013)))  "Under 18 U.S.C. § 3621(b), the BOP 'may designate any available penal or

correctional facility . . . whether maintained by the Federal Government or otherwise' as the

'place of the prisoner's imprisonment.'" (R&R (Dkt. No. 21) at 10-11 (citing 18 U.S.C. § 3621(b)))

Judge Cott also recognized, however, that "'a defendant's federal sentence does not generally commence while the defendant is held in a federal detention facility if he was produced pursuant to a writ of habeas corpus ad prosequendum.'" (R&R (Dkt. No. 21) at 12 (citing United States v. Heredia, No. 99 Cr. 367, 2011 WL 2693336, at *1 (S.D.N.Y. July 1, 2011) (citing United States v. Fermin, 252 F.3d 102, 108 n. 10 (2d Cir. 2001)))) And Judge Cott also acknowledged that "'under 18 U.S.C. § 3585(a), a federal sentence cannot commence prior to the date on which it is imposed.'" (Id. (citing Lopez v. Terrell, 654 F.3d 176, 185 (2d Cir. 2011) (citing United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998))))

Petitioner cites no contrary authority, and this Court is aware of none. Accordingly, Curtis cannot receive credit against his federal sentence for the time he spent in federal custody on a federal writ prior to his federal sentencing.

### B.     Whether Petitioner's Release from State Custody "Was Assured"

Curtis argues, however, that he should be credited for the time spent in federal custody prior to his federal sentencing because – but for his transfer into federal custody on August 9, 2006 – his "release [from state prison on November 1, 2006] was assured," following his projected successful completion of a residential drug treatment program on August 1, 2006, and completion of a three-month sentence for his new parole violation. (Pet. Obj. (Dkt. No. 24) at 2-3)

In his R&R, Judge Cott found that "the possibility that Curtis's incarceration was prolonged because of his transfer to federal detention pursuant to a writ of habeas corpus ad prosequendum is not a basis to disregard 18 U.S.C.§ 3585(b)'s prohibition of double counting."

(R&R (Dkt. No. 21) at 14 (citing <u>Fermin</u>, 252 F.3d at 108 n. 10))  In this regard, Judge Cott

discusses in detail <u>Rosemond v. Menifee</u>, 137 F. Supp. 2d 270, 272 (S.D.N.Y. 2000), which

finds "an exception to § 3585's prohibition on double counting."  (R&R (Dkt. No. 21) at 15

(citing <u>Rosemond</u>, 137 F. Supp. 2d at 274-75))

      The exception articulated in <u>Rosemond</u> is that, "[i]f absent the federal action –

here a writ of habeas corpus <u>ad</u> <u>prosequendum</u> – the petitioner would have been released under

available state procedures, then credit toward his federal sentence must be given."  <u>Rosemond</u>,

137 F. Supp. 2d at 275.

      Judge Cott identifies two concerns in applying <u>Rosemond</u> to Petitioner's sentence.

First, "the Second Circuit has not confronted the issue, [and] other district courts in this Circuit

have expressed skepticism as to <u>Rosemond</u>'s consistency with § 3585(b)."  (R&R (Dkt. No. 21)

at 16 (citing <u>Sarro v. Billingsley</u>, No. 11 Civ. 9395, 2013 WL 120817, at *5 (S.D.N.Y. Jan. 10,

2013); <u>Mitchell v. Killian</u>, No. 08 Civ. 2373, 2011 WL 710612, at *2 (S.D.N.Y. Feb. 25, 2011)))

Second, even under <u>Rosemond</u>, Petitioner has not satisfied his burden.  Although Petitioner "had

only a week remaining in his state drug-treatment program when he left to face the federal

charges, [he] has not demonstrated that he was performing satisfactorily in the program, much

less that he was on the verge of being released into the community when he became subject to

the writ."  (R&R (Dkt. No. 21) at 16-17)

      This Court agrees with both concerns expressed by Judge Cott.  <u>Rosemond</u>'s

exception is not reconcilable with Section 3585(b)'s prohibition of double counting, and

Petitioner has not shown that he would have been released but for the federal writ.  Indeed, upon

his return to state custody in May 2008, Curtis was "detained by the state for three months – two

of which [he] owed [due] to his parole-violation sentence for the conduct underlying his federal conviction." (Id. at 17)

Accordingly, this Court agrees with Judge Cott's conclusion that Petitioner is "ineligible for a credit for the time that he spent in federal custody before his sentencing." (Id. at 12)

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety and the Petition is denied. The Clerk of Court is directed to close this case.

Dated: New York, New York
      March 21, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge